```
         IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
SHEILA D. SMITH-ANTHONY,        *

     Plaintiff,                 *

          v.                    *    CIVIL NO.: WDQ-09-0698

BUCKINGHAM MORTGAGE             *
CORPORATION, et al.,
                                *
     Defendants.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Sheila D. Smith-Anthony sued Buckingham Mortgage Corporation ("Buckingham"),[1] William Fluharty d/b/a Reliable Appraisal Service ("Reliable"), and SunTrust Mortgage, Inc. ("SunTrust") for negligence,[2] breach of contract, violation of the Maryland Consumer Protection Act ("MCPA"),[3] intentional misrepresentation,[4] and civil conspiracy.  Pending is SunTrust's motion to dismiss and Reliable's motion to dismiss or for summary judgment. For the following reasons, SunTrust's motion will be granted, and Reliable's motion will be denied.

---

[1] Buckingham's Maryland corporate charter was forfeited in October 2008.  Am. Not. of Removal ¶ 8.

[2] Smith-Anthony's negligence claim is against Reliable.

[3] MD. CODE ANN., COM. LAW §§ 13-101 et seq.

[4] Smith-Anthony's intentional misrepresentation claim is against Buckingham.

I.   Background

Before buying her home, Smith-Anthony retained Reliable, which appraised the home at $690,000.[5]  Compl. ¶ 9.  Smith-Anthony was told that her mortgage payments would be $6,000 per month.  *Id.* ¶¶ 10-11.  She was concerned that the payments would be too high; Buckingham, Smith-Anthony's mortgage broker, told her that after 30 days she could refinance and reduce her payments.  *Id.* ¶ 12.  Relying on this advice, Smith-Anthony purchased the home and borrowed $690,000 from International Mortgage Corporation ("International").  *Id.* ¶¶ 6, 8.  SunTrust later purchased the loan from International.  *Id.* ¶ 6.

Three weeks later, Reliable reappraised the home for $650,000, and Smith-Anthony was unable to refinance the loan.  *Id.* ¶¶ 14-15.  She could not afford the payments, and the loan was foreclosed; she then filed for bankruptcy.  *Id.* ¶¶ 16-17.

On February 23, 2009, Smith-Anthony filed this suit in the Circuit Court for Howard County.  On March 19, 2009, SunTrust removed on the basis of diversity jurisdiction.  On March 26, 2009, SunTrust moved to dismiss.  On June 23, 2009, Reliable moved to dismiss or for summary judgment.

---

[5] For the purpose of this motion, Smith-Anthony's well-pled allegations will be accepted as true.  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

II.  Analysis

   A.   Standard of Review

Under Rule 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).  Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs.*, 7 F.3d at 1134, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), nor "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).  Thus, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555.

In deciding a Rule 12(b)(6) motion, the Court will consider

3

the facts stated in the complaint and any incorporated documents. *Biospherics, Inc. v. Forbes, Inc.*, 989 F. Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998).  The Court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action.  *Id*.

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).  Although the notice-pleading requirements of Rule 8(a)(2) are "not onerous," the plaintiff must allege facts that support each element of a claim. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003).

 B. SunTrust's Motion

  1. Breach of Contract

Count II alleges breach of contract against all the Defendants; it identifies Buckingham and Reliable specifically, but not SunTrust.  *See* Compl. ¶¶ 26-36.  SunTrust argues that Smith-Anthony borrowed the money from International, from whom it purchased her loan; thus, it has no contractual relationship with Smith-Anthony.  Def. Mot. at 5-6.  Smith-Anthony counters that as assignee, SunTrust "stands in the shoes" of International, and is subject to the same claims.  Pl. Opp. at 9; *see Miller v. Pac.*

*Shore Funding*, 224 F. Supp. 2d 977, 996 (D. Md. 2002).[6]

Smith-Anthony has not adequately pled her claim.  To survive a motion to dismiss, "a complaint for breach of contract must allege facts showing a contractual obligation . . . and a breach of that obligation."  *Swedish Civil Aviation Admin. v. Project Mgmt. Enters., Inc.*, 190 F. Supp. 2d 785, 791 (D. Md. 2002); *accord Cont'l Masonry Co., Inc. v. Verdel Const. Co., Inc.*, 279 Md. 476, 480, 369 A.2d 566, 569 (1977).  A plaintiff must "provide more than 'skeletal factual allegations accompanied by nothing more than mere conclusions and general averments of a breach of contractual duty.'" *Economides v. Gay*, 155 F. Supp. 2d 485, 489 (D. Md. 2001) (*quoting Pritchett v. Gen. Motors Corp.*, 650 F. Supp. 758, 763 (D. Md. 1986)).

Smith-Anthony alleged that (1) she "had a contractual relationship with each Defendant," (2) the "Defendants owed [her] a contractual obligation," and (3) she suffered financial harm due to the "Defendants' material[] breaches."  Compl. ¶¶ 31, 34, 36.  She has not alleged how International or SunTrust breached the loan agreements.  Thus, her breach of contract claim against

---

[6] Smith-Anthony also cites *Lake Shore Investors v. Rite Aid Corp.*, 67 Md. App. 743, 509 A.2d 727 (Ct. Spec. App. 1986), that there need not be an underlying contract to support a breach of contract claim; rather, she argues, it can be based on the defendant's mere interference with the plaintiff's business interests.  Pl. Opp. at 6.  *Lake Shore* dealt with a claim for tortious interference with contract, which Smith-Anthony has not alleged.

5

SunTrust will be dismissed without prejudice.

      2.   MCPA

SunTrust argues that Smith-Anthony has not pled a claim under the MCPA because (1) the MCPA applies only to acts occurring prior to--or at--the execution of a loan, and (2) she has not alleged any unfair or deceptive practices it committed. Def. Mot. at 7-8. Smith-Anthony counters that she "will be able to supplement additional facts to support" the claim through discovery. Pl. Opp. at 11.

Smith-Anthony has alleged that the "Defendants made false or misleading verbal and written statements, visual descriptions, or other representations" that deceived or misled her "into believing she could afford the loan." Compl. ¶ 38. She also alleged that the "Defendants failed to state material facts" that deceived her. *Id.* ¶ 39. Smith-Anthony has not alleged facts supporting this claim, nor has she specified which Defendant committed the acts. Further, these allegations relate only to the execution of the loans, and SunTrust is an assignee of the loans. *Id.* ¶ 6. Smith-Anthony has not specified any conduct by SunTrust. Thus, she has not stated a claim against SunTrust, and that claim will be dismissed.

      3.   Civil Conspiracy

In her Opposition, Smith-Anthony sought to voluntarily dismiss her civil conspiracy claim against SunTrust. Pl. Opp. at

1.  That claim will be dismissed.

   C.   Reliable's Motion

Reliable argues that Smith-Anthony's claims against him are barred by judicial estoppel because they were not identified in her bankruptcy filing.  Smith-Anthony has ignored the estoppel argument and merely argued that she has sufficiently pled her claims.

Judicial estoppel "prevents a party from taking a position in a judicial proceeding that is inconsistent with a stance previously taken in court."  *Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007); *In re Blair*, 319 B.R. 420, 439 (Bankr. D. Md. 2005).  A bankruptcy debtor must list his or her causes of action as personal property.  *Calafiore v. Werner Ents., Inc.*, 418 F. Supp. 2d 795, 797 (D. Md. 2006); *In re USinternetworking, Inc.*, 310 B.R. 274, 281 (Bankr. D. Md. 2004).  If the debtor does not list a claim, or does not amend the petition to include a subsequent claim, judicial estoppel could bar the debtor from bringing the claim in a later suit.  *Calafiore*, 418 F. Supp. 2d at 797; *In re Blair*, 319 B.R. 420.

Estoppel applies if (1) a party seeks to adopt an inconsistent position from one taken in prior litigation; (2) the court accepted the prior position; and (3) the party "intentionally misled the court to gain unfair advantage."  *Zinkand*, 478 F.3d at 638 (*quoting Tenneco Chems., Inc. v. William*

*T. Burnett & Co.*, 691 F.2d 658, 665 (4th Cir. 1982)); *Dashiell v. Meeks*, 396 Md. 149, 171, 913 A.2d 10, 22 (2006).

Under the third element, estoppel will not apply if the inconsistent positions "resulted from inadvertence or mistake." *Calafiore*, 418 F. Supp. 2d at 798 (*quoting King v. Herbert J. Thomas Mem'l Hosp.*, 159 F.3d 192, 196-97 (4th Cir. 1998)). Indeed, intent is the "'determinative factor' in the application of judicial estoppel to a particular case." *Id.* (*quoting Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996)).

On this motion to dismiss, the Court cannot determine Smith-Anthony's intent in not including these claims in her bankruptcy petition. Reliable has also moved for summary judgment, but there has been no discovery; accordingly, summary judgment would be premature. Thus, Reliable's motion will be denied.

III. Conclusion

For the reasons stated above, SunTrust's motion to dismiss will be granted, and Reliable's motion to dismiss or for summary judgment will be denied.

August 13, 2009                      /s/
Date                                 William D. Quarles, Jr.
                                     United States District Judge